SAMUEL J. MOORE *vs.* LEWIS SOVRENSKY.

EMMA J. WEBB *vs.* SAME.

BERNICE T. WEBB *vs.* SAME.

Middlesex.    March 19, 1926. — March 23, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Street Railway.    Real or Personal Property.    Attachment.*

Where, at the trial of an action of tort, brought against one, who in 1920 had taken possession of certain street railway rails, by a judgment creditor of the street railway company who had seized its real estate on an execution, for the conversion of the rails, it appeared that the rails had been laid in 1916 upon a private way, but the nature of the right of the street railway company in the way was left a matter of conjecture, it was proper to order a verdict for the defendant.

THREE ACTIONS OF TORT for conversion of rails of a street railway formerly operated by the Plymouth and Sandwich Street Railway Company. Writs dated June 16, July 5, 1921; March 24, 1924.

In the Superior Court, the actions were tried together before *Lawton,* J. The jury in answer to special questions found that "the value of the property taken as it stood in or on the ground between September 15 and November 21, 1920," was $4,680; that "the value of the property taken if it had stood in or on the ground April 2, 1921," was $3,510; and that the property had "become fixed and become part of the real estate." The judge thereupon ordered verdicts for the defendant and reported the actions to this court for determination.

*W. H. Garland,* for the plaintiffs.

*H. Bergson,* for the defendant, was not called on.

BY THE COURT. These are actions of tort for the alleged conversion of certain steel rails and appliances connected therewith removed by the defendant from a portion of a line of a street railway constructed in 1916 on a private right of way in Plymouth. This portion of the railway was operated

for about nine months prior to April, 1917, and then was discontinued by reason of financial difficulties. The several plaintiffs attached the real estate of the street railway company in Plymouth in actions of contract in October and December, 1917, and recovered judgments. Executions issued, seizure was made on property of the street railway company described in part as a "private right of way fifty feet in width owned by" the street railway company and otherwise sufficiently identified, levy was suspended on execution and sale thereof was made on another execution in April, 1921. In the meantime a receiver of the street railway company by order of the court sold to the defendant all its real and personal estate, with exceptions not here material, the real estate being sold "subject to any liens of attachment." In September, 1920, the defendant removed the rails and other appliances from the private right of way and sold them. That constitutes the conversion alleged.

The record fails to disclose the nature of the right of the street railway company in the land where these steel rails and appliances were laid other than to say that this portion of the railway was "constructed on a private right of way" and "over private land." In 1916 a street railway company might "purchase or lease private land or rights therein or thereover" or take by eminent domain "any land or rights in land" for the construction of its tracks upon compliance with the statutes. St. 1906, c. 463, Part III, §§ 43, 46. See now G. L. c. 161, §§ 55, 58. There is nothing in the record to indicate the nature of the right, if any, acquired by the street railway company over this private right of way. Whether the street railway company had any right in the land where these rails were laid at the time of the attachments, or of the sale upon execution, is wholly matter of speculation.

> *In each case judgment is to be entered*
> *for the defendant on the verdict.*